**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL GARCIA VEGA,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-70752<br><br>Agency No. A097-579-773<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2016[**]
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges and SEEBORG,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard Seeborg, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

1

Samuel Garcia Vega (Vega) petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen the proceedings addressing his application for cancellation of removal. Vega asserts that the BIA erred in holding that he failed to establish that his counsel was ineffective. Vega also contends that the BIA and the Immigration Judge (IJ) violated the Due Process Clause by prejudging the case, failing to consider all the evidence, failing to weigh all pertinent factors, failing to address all his claims, and failing to provide reasoned decisions.

We lack jurisdiction over Vega's claim that the BIA erred by according "little discretionary weight" to the letter that he purportedly sent to the Superior Court of Los Angeles, because that claim goes to the "merits basis for a previously-made discretionary determination." *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Insofar as Vega's appeal seeks review of the IJ's discretionary determinations in the original proceedings, Vega never challenged those determinations before the BIA on direct review, and he may not challenge them now on a motion to reopen. *Id.*

We do have jurisdiction to consider Vega's ineffective-assistance-of-counsel claim, however. *See* 8 U.S.C. § 1252(a)(2)(D). We agree with the ruling of the BIA that counsel's tactical decision not to reveal Vega's misrepresentations during judicial proceedings did not constitute ineffective assistance of counsel. *See Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986).

**PETITION DISMISSED in PART, DENIED in PART.**